UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――
ELIZABETH ABRAMS, AS PARENT
AND NATURAL GUARDIAN OF A.A.,
ET AL.,
                           Plaintiffs,

                -v-

RICHARD CARRANZA, IN HIS
OFFICIAL CAPACITY, ET AL. ,
                          Defendants.
―――――――――――――――――――――――――――

20-CV-5085 (JPO)

MEMORANDUM OPINION
 AND ORDER

J. PAUL OETKEN, District Judge:

      This mater was heard by order to show cause on July 30, 2020.  Plaintiffs Elizabeth Abrams et al. ("Students") seek a preliminary injunction and temporary restraining order requiring Defendants, the New York City Department of Education and Chancellor Richard Carranza ("DOE") to implement a host of administrative and judicial orders by immediately funding Students' placement at the International Institute for the Brain ("iBrain") during the pendency of their administrative and judicial proceedings.

      Students allege that DOE has failed to fund certain school-related services, including special transportation and nursing services, since the start of the COVID-19 pandemic in March 2020.  (*See* Dkt. No. 7-2 at 3; Dkt. No. 14.)  Students' pendency rights, they argue, require immediate payment of the as-yet withheld funds.  DOE, meanwhile, does not contest Students' placements at iBrain; rather, DOE argues (1) that not all students in the suit are entitled to the same services; (2) that DOE has not received invoices for certain nursing services; and (3) that iBrain has failed to provide sufficient information about its services during the COVID-19 pandemic to allow for proper reimbursement.  (*See* Dkt. No. 12 at 2–3; Dkt. No. 13.)  In the July

1

30, 2020 hearing, both parties agreed that Students' placements were not at risk — instead, Students seek reimbursement to iBrain for services allegedly provided since March.

In the Second Circuit, the standards for a temporary restraining order and preliminary injunction are the same. *See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). And to receive a preliminary injunction, plaintiffs must show (1) "a likelihood of success on the merits," (2) "that [plaintiffs are] likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in [plaintiffs] favor," and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (internal quotation marks omitted).

Students claim that the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, provides an "automatic injunction" that displaces the irreparable harm inquiry. But all of the authorities they cite for that proposition involve instances in which *placement* is threatened; the cases cited raise the issue of *funding* only when it directly affects placement. *See, e.g.*, *Zvi. D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982) ("To cut off public funds would amount to a unilateral change in placement, prohibited by the Act."). In the present case, as parties have agreed, there is no threat to Students' placements. While the parties apparently have certain disputes over payment — for example, whether iBrain has provided the information DOE has requested for reimbursement and whether DOE must pay transportation expenses for a period when Students were not using such services — such a dispute does not implicate irreparable harm, at least where, as here, there is no imminent threat to the educational services themselves. *See, e.g.*, *Loveridge v. Pendleton Woolen Mills, Inc.*, 788 F.2d 914, 916–18 (2d Cir. 1986) ("[W]here money damages are adequate compensation, a preliminary injunction will not issue since equity should not intervene where there is an adequate remedy at law."). Here,

2

should DOE not reimburse iBrain for Students' placements in a reasonable manner and timeline, Students may nonetheless seek remedies for such harm in the underlying suit. A temporary restraining order or preliminary injunction mandating immediate payment, however, is not warranted, as Students have failed to demonstrate a threat of irreparable harm, and the authority they cite for the notion that pendency requires an "automatic injunction" involved placement, not funding.

      Accordingly, Plaintiffs' Motion for a Preliminary Injunction and Temporary Restraining Order is DENIED and the Order to Show Cause is discharged.

      The parties are instructed to continue conferring in good faith and provide a status letter regarding any remaining disputes on or before September 4, 2020.

      SO ORDERED.

Dated: August 4, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge