UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ELIZABETH ABRAMS, AS PARENT
AND NATURAL GUARDIAN OF A.A.,
ET AL.,

                    Plaintiffs,

        -v-

RICHARD CARRANZA, IN HIS
OFFICIAL CAPACITY, ET AL. ,

                    Defendants.

20-CV-5085 (JPO)

MEMORANDUM OPINION
AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

      This matter was heard by order to show cause on September 17, 2020.  Plaintiffs are the parents of seventeen special education students who bring suit under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*.  Plaintiffs seek a preliminary injunction and temporary restraining order requiring Defendants, the New York City Department of Education and Chancellor Richard Carranza (collectively, "DOE") to implement a host of administrative and judicial orders by immediately funding the students' placement at the International Institute for the Brain ("iBrain") for the 2019-2020 school year.  This decision follows this Court's earlier opinion and order dated August 5, 2020, which denied Plaintiffs' first application for a preliminary injunction and temporary restraining order seeking identical relief.  (*See* Dkt. No. 18.)  Plaintiffs also move for reconsideration of that order.  (Dkt. No. 21.)

      Plaintiffs allege that DOE has failed to fund certain school-related services, including special transportation and nursing services, since the start of the COVID-19 pandemic in March 2020.  (*See* Dkt. No. 7-2 at 3; Dkt. No. 14.)  The students' pendency rights, Plaintiffs argue, require immediate payment of the as-yet-withheld funds.  DOE, meanwhile, does not contest the

students' placements at iBrain; rather, DOE argues (1) that not all students in the suit are entitled to the same services; (2) that DOE has not received invoices for certain nursing services; and (3) that iBrain has failed to provide sufficient information about its services during the COVID-19 pandemic to allow for proper reimbursement.  (*See* Dkt. No. 12 at 2–3; Dkt. No. 13.)  During the July 30, 2020 hearing, the parties agreed that the students' placements were not at risk — instead, Plaintiffs seek reimbursement to iBrain for services allegedly provided from March to July 2020.  Plaintiffs now allege that they face eviction for unpaid rent, although the imminence of that harm is lessened by Governor Cuomo's September 18, 2020 Executive Order extended a commercial eviction moratorium through October 20, 2020.  (*See* Dkt. No. 38.)  This state of affairs has largely continued until the date of this opinion, with Plaintiffs alleging that DOE has neither communicated further with Plaintiffs nor paid any pendency funds, and DOE alleging that it has not received the additional individualized information for the 2019-20 school year that it requires in order to approve and initiate payment.  (*See* Dkt. No. 40.)

In the Second Circuit, the standards for a temporary restraining order and preliminary injunction are the same. *See Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008).  To receive a preliminary injunction, plaintiffs must show (1) "a likelihood of success on the merits," (2) "that [plaintiffs are] likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in [plaintiffs] favor," and (4) "that the public interest would not be disserved by the issuance of [the] injunction." *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (internal quotation marks omitted).

Plaintiffs again contend that the IDEA provides an "automatic injunction" that displaces the irreparable harm inquiry.  As before, however, all the authorities cited by Plaintiffs for that proposition involve instances in which *placement* is threatened; the cases cited raise the issue of

*funding* only when it directly affects placement. For example, in their motion for reconsideration, Plaintiffs cite *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.* for the proposition that the IDEA's pendency provision "[r]equires that a school district continue to finance an educational placement made by the agency and consented to by the parent before the parent requested a due process hearing." 752 F.3d 145, 152 (2d Cir. 2014) (quotation omitted). But that citation comes in the context of the Second Circuit's acknowledgment that the pendency provision's purpose is to allow "a disabled child to 'remain in [his] then-current educational placement' while the administrative and judicial proceedings described above are pending . . . [and] maintain the educational status quo while the parties' dispute is being resolved." *Id.* (quoting 20 U.S.C. § 1415(j)). *See also, e.g.*, *Zvi. D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982) ("To cut off public funds would amount to a unilateral change in placement, prohibited by the Act.").

In the present case, as the parties have agreed, there is no threat to the students' placements. While the parties have certain disputes over payment — for example, whether iBrain has provided the information DOE has requested for reimbursement and whether DOE must pay transportation expenses for a period when the students were not using such services — such disputes do not implicate irreparable harm, at least where, as here, there is no imminent threat to the educational services themselves. *See, e.g.*, *Loveridge v. Pendleton Woolen Mills, Inc.*, 788 F.2d 914, 916–18 (2d Cir. 1986) ("[W]here money damages are adequate compensation, a preliminary injunction will not issue since equity should not intervene where there is an adequate remedy at law."). This conclusion is bolstered by the facts that these funds are for a school year that ended months ago and that Plaintiffs have already filed another case in

which they were granted prospective relief for the 2020-21 school year. *See Araujo et al. v. New York City Dep't of Education*, 20 Civ. 7032, 2020 WL 5701828 (S.D.N.Y. Sept. 24, 2020).

This Court does not question, as Plaintiffs argue, that cutting off funding for a student's agreed-upon placement violates that student's pendency rights under the IDEA. (Dkt. No. 22 at 9–10.) ("[C]utting off public funds that are intended for a student's pendency is prohibited because the student's right to pendency funding is an indelible aspect of the student's right to pendency . . . a disabled student's right to pendency and his or her right to pendency funding are a package deal." (citations and internal quotation marks omitted)). Rather, this Court draws a clear distinction between having pendency funds completely cut off and undertaking an administrative process — including providing information — to receive that funding. Plaintiffs have a right to the IDEA-guaranteed pendency funding; they do not, however, have a right to a blank check. That is, they are not entitled to receive that funding in whatever manner they desire, irrespective of reasonable documentation requirements of the DOE. A temporary restraining order or preliminary injunction mandating immediate payment, however, is not warranted, as Plaintiffs have once again failed to demonstrate a threat of irreparable harm, and the authority they cite for the notion that pendency requires an "automatic injunction" involved placement, not funding.

In this Court's last order, it concluded that "should DOE not reimburse iBrain for Students' placements in a reasonable manner and timeline, Students may nonetheless seek remedies for such harm in the underlying suit." (Dkt. No. 18 at 3.) It also ordered the parties to continue conferring in good faith regarding any remaining disputes. (*Id.*) The Court is troubled by the fact that this conflict remains unresolved nearly three months after the suit was first filed. As such, the parties shall, on or before October 20, 2020, file a status letter with this court setting

4

forth: (1) the history of communication between Plaintiffs and DOE; (2) the information requested by DOE; (3) the information provided by Plaintiffs in response to DOE's requests; (4) DOE's rationale for finding such information inadequate; (5) Plaintiff's rationale for failing to provide any additional information requested by DOE.

For the foregoing reasons, Plaintiffs' Motion for a Preliminary Injunction and Temporary Restraining Order is DENIED and the Order to Show Cause is discharged. For the same reasons, Plaintiffs' Motion for Reconsideration is DENIED.

The Clerk of Court is directed to close the motion at Docket Numbers 21 and 27.

SO ORDERED.

Dated: October 13, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge